IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **DARLENE A. GOFORTH,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Civil Action No. 1:10-0867 |
| ) | |
| **MYRON BATTS, Warden,** ) | |
| ) | |
| **Respondent.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On June 25, 2010, Petitioner, acting *pro se*,[1] filed her Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody. (Document No. 1.) Petitioner alleges that she is being improperly denied a sentence reduction pursuant to 18 U.S.C. § 3621 because her conviction involved the possession of a firearm.[2] (Id.) Specifically, Petitioner argues as follows: (1) "BOP is giving inmates in the 9th Circuit § 3621(e) early release benefits and not in all the other Circuits;"[3] (2) "Being ineligible for § 3621(e) early release benefits when my crime is not whatsoever violent but BOP classifies it as one;" (3) "Not being transferred to the 9th Circuit where I would benefit from § 3621(e) early benefits;" and (4) "BOP categorically denying inmates

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] Plaintiff indicates that she was conviction in the Middle District of North Carolina of Possession of a Firearm in Commerce after a Felony Conviction, in violation of 18 U.S.C. § 922(g)(1).

[3] Petitioner's claim that the BOP violated her right to Equal Protection because inmates who are incarcerated, or have completed the RDAP program, in the Ninth Circuit are treated differently due to the BOP's recognition of the *Arrington* decision, is without merit. *See Griffin v. Berkebile*, 2011 WL 4344024, * 6 - 7 (S.D.W.Va. 2011).

not housed in the 9th Circuit even if their charge is not a crime of violence." (Id., pp. 6 - 7.) As relief, Petitioner requests that the Court find that "she is entitled to immediate release or immediate change to § 3621(e) eligibility status and receipt of its associated benefits, or to be transferred to a facility in the 9th Circuit where she will be eligible for § 3621(e)."[4] (Id., p. 14.)

## DISCUSSION

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds

---

[4] To the extent Petitioner relies upon *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), the undersigned notes that it is inapposite and District Courts within this Circuit have found that "the decision in *Arrington* is misguided due to binding precedent from the Supreme Court and the Fourth Circuit." *Minotti v. Whitehead*, 584 F.Supp.2d 750 (D.Md. 2008); *also see Brooks v. Berkebile*, 2010 WL 3521581 (S.D.W.Va. Aug. 16, 2010); *Holland v. Federal Bureau of Prisons*, 2009 WL 2872835 (D.S.C. Sept. 2, 2009)(slip copy)(finding that petitioner's petition should be dismissed because (1) his claim "based on *Arrington's* conclusion that § 550.58 violated the APA fails because the regulation satisfies the Fourth Circuit's requirement that the agency's rationale be 'reasonably discernable,'" and (2) "the newly adopted § 550.55 contains a detailed explanation and may be applied retroactively"); *Johnson v. Ziegler*, 2009 WL 1097530(N.D.W.Va. April 22, 2009)(slip copy)(finding that *Arrington* was unpersuasive and declined to follow its holding); and *Hicks v. Federal Bureau of Prisons*, 603 F.Supp. 2d 835 (D.S.C. 2009)("Applying the standard articulated by the Fourth Circuit [that an agency's rationale for its decision be reasonably discernable], the Court concludes that the BOP's rule provides a sufficient rationale for excluding persons convicted under § 924(c) from early release consideration."), *aff'd*, 358 Fed.Appx. 393 (4th Cir. 2009), *cert. denied*, ___ U.S. ___, 130 S.Ct. 3442, 177 L.Ed.2d 347 (2010).

her in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of her release from custody and the absence of collateral consequences,[5] and therefore, her Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.) and **REMOVE** this matter from the Court's docket.

---

[5] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on August 24, 2012.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: July 17, 2013.

R. Clarke VanDervort
United States Magistrate Judge